UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEROME JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:06CV605 CDP |
|  | ) |  |
| BOARD OF POLICE | ) |  |
| COMMISSIONERS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

On April 3, 2001, plaintiff Jerome Johnson was shot multiple times by St. Louis City Police officers. He brought this suit in state court against the Board of Police Commissioners and its members, the State of Missouri, and St. Louis Police Officers Adrienne Bergh, Robert Boney, Ryan Cousins, and Levaughn Smart. Defendants Bergh, Boney, Cousins, Smart, and the State of Missouri removed the case to federal court and they now seek summary judgment. The case is replete with disputes of material fact, and those disputes preclude summary judgment for the individual officers. I agree that the State of Missouri is immune from suit and is entitled to summary judgment. Finally, I will grant plaintiff's request for additional time to serve the Police Board and its members because the failure to serve them in a timely manner was the result of excusable neglect. I will set a

telephone conference with counsel to determine whether further amendments to the Case Management Order are necessary.

## Legal Standards

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiff. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Defendants have the burden to establish both the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once defendants have met this burden, plaintiffs cannot rest on the allegations in their pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

Government officials are entitled to qualified immunity from suit under 42 U.S.C. § 1983 "if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hassan v. City of Minneapolis, 2007 WL 1556727 (8th Cir. May 31, 2007), slip op. p. 5,

quoting Sanders v.City of Minneapolis, 474 F.3d 523, 526 (8th Cir. 2007). The Supreme Court recently stated that courts must resolve a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Scott v. Harris, 127 S.Ct. 1769, 1774 (2007). The court must first determine whether the allegations amount to a constitutional violation, and then determine whether the right was clearly established. Id.

Plaintiff's claim under 42 U.S.C. § 1983 alleges that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. His state-law claims seek recovery for his personal injury, apparently under theories of assault and battery. He alleges that the State of Missouri is vicariously liable for the wrongful acts of the other defendants, and also that the state failed to provide adequate training, supervision and guidance to the individual defendants.[1] Most of the events of April 3, 2001 are disputed by the parties.[2] Johnson says that he did not know the people pursuing him were police,

---

[1] Plaintiff alleges that the St. Louis Metropolitan Police Department is a state agency and that the state is vicariously liable for actions taken by the police department or the individual officers.

[2] Plaintiff has again violated the Local Rules, this time by failing to include a statement of material facts in dispute in response to defendants' statement of uncontroverted facts. See Local Rule 7 - 4.01(E). Although I could deem all of the facts set forth in defendants' motion as admitted and grant defendants' motion for summary judgment on that basis, Jones v. United

and that they shot him, then beat him, then shot him again at close range. The police officers say that they identified themselves as police and they only shot Johnson after he repeatedly shot at them, and they deny beating him after he was shot. Both sides have submitted deposition testimony, trial testimony from Johnson's criminal case, or affidavits that support their version of the facts.

### 1. **Defendants Bergh, Boney, Smart, and Cousins**

The threshold qualified immunity questions of whether defendants' use of deadly force against Johnson was an unreasonable use of force and whether defendants should have known that Johnson did not present an immediate threat of serious physical injury depend entirely on which set of facts a fact finder believes. Where the basic facts are in dispute, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the motion." Harris, 127 S.Ct. at 1774-1775 (internal quotation marks omitted).

Qualified immunity cannot be decided in the abstract: if defendants are correct about the facts they are entitled to qualified immunity, and they would also win on the merits. But if plaintiff's version of the facts is believed, defendants are

---

Parcel Service, Inc., 461 F.3d 982, 991 (8th Cir. 2006); White v. Prudential Ins. Co. of America, 354 F. Supp. 2d 1008, 1015 (S.D. Iowa 2005), I will not do so. In the interests of justice, I will base my summary judgment decision upon all of the evidence submitted, although my patience with Johnson's counsel's failure to comply with the rules is wearing thin.

not entitled to qualified immunity. Police officers' beating and shooting a person who has already been shot and is lying on the ground incapacitated undoubtedly violated clearly established constitutional rights. Cf. Tennessee v. Garner, 471 U.S. 1, 11 (1985)("A police officer may not seize an unarmed, nondangerous suspect by shooting him dead.") The police officer defendants are not entitled to qualified immunity.

Defendants Bergh, Boney, Cousins, and Smart also assert that they are entitled to judgment as a matter of law on Johnson's state law claims because of the public duty doctrine. This doctrine shields public officers "from liability for injuries or damages resulting from the officers' breach of a duty owed to the general public and does not shield public officials from liability resulting from the breach of a duty owed to particular individuals." Green v. Missouri Dept. of Transp., 151 S.W.3d 877, 881 (Mo. Ct. App. 2004). The doctrine has little bearing on Johnson's claims in this case, as his state law claims allege intentional torts of assault and battery. Specifically, Johnson alleges that he was shot and beaten by defendants willfully and maliciously and without cause. These claims require proof beyond allegations that defendants violated some duty to the general public.

The cases cited by defendants are not analogous to Johnson's claims here.

For example, in Cooper v. Planthold, 857 S.W.2d 477, 479-80 (Mo. Ct. App. 1993), the court held that police officers could not be held liable for failing to prevent the plaintiff's son from hanging himself by his suspenders. Additionally, in Spotts v. City of Kansas City, 728 S.W.2d 242, 247-48 (Mo. Ct. App. 1987), the court held that police officers could not be held liable in negligence for failing to prevent a drunk driving accident when the intoxicated driver had been pulled over minutes before the fatal accident. These cases involve situations where the plaintiff is raising claims of negligence and where the defendants' duty to the plaintiffs merely arose out of their duties to the general public. That is not the case here. As a result, I will deny summary judgment on this ground as well.

## 2. Defendant State of Missouri

The State of Missouri has also moved for summary judgment on Johnson's claims, arguing that all claims against it are barred by Eleventh Amendment sovereign immunity. Johnson argues that the state waived this defense by removing the case to federal court.

In Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 617 (2002), the Supreme Court was presented with a very similar argument about waiver by removal. The Court held that it did not need to decide whether the state had waived immunity on the § 1983 claim, because the state was not a

person who could be sued under § 1983 in any event. 535 U.S. at 617. To the extent that Johnson seeks to raise claims against Missouri under 42 U.S.C. § 1983, Missouri is entitled to judgment as a matter of law for the same reason: it is not a person against whom a § 1983 claim for money damages may be asserted. I will grant the state's motion for summary judgment on the § 1983 claim for this reason alone.

The question of whether Missouri has waived its Eleventh Amendment immunity with regard to Johnson's state law claims is more difficult. In Lapides the Court limited its holding to situations where the state had waived its underlying sovereign immunity from suit for common law tort claims in its own state courts and then removed the suit to federal court. Id. at 617-18. The Court did not consider the situation here where the state has not waived its sovereign immunity in state court but has removed the case to federal court. Id. The parties have not supplied, and I have not found, any Eighth Circuit law that addresses this issue, and those Circuits that have addressed this issue appear to be split. See Schrier v. University of Colorado, 427 F.3d 1253, 1268 (10th Cir. 2005) (stating that it is "well-settled that immunity is waived when a state entity facing suit in its own courts purposefully seeks a federal forum); Meyers ex rel Benzing v. Texas, 410 F.3d 236, 254-55 (5th Cir. 2005) (holding that a state's consent to removal

waives its immunity from suit in federal court for state law and federal law claims, but that a state may retain its immunity from liability); Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (holding that immunity is not waived when the state has not already waived its common law immunity for the acts alleged by defendant); Embury v. King, 361 F.3d 562 (9th Cir. 2004) (holding that a state's sovereign immunity defenses on state law claims are waived by voluntary removal); Omosegbon v. Wells, 335 F.3d 668, 673 (7th Cir. 2003) (noting that state law immunity rules would be controlling over the issue of whether the removal waived immunity for state law claims).

I am persuaded by the reasoning of the Seventh Circuit in Omosegbon, 335 F.3d at 673. The Seventh Circuit noted that under the Erie doctrine, state rules of immunity govern actions in federal court alleging violations of state law. Id. at 673 (citing Benning v. Board of Regents of Regency Universities, 928 F.2d 775, 779 (7th Cir. 1991)). Courts within the Eighth Circuit have looked to state law in determining immunity from state law claims for other types of defendants. See Reasonover v. St. Louis County, Mo., 447 F.3d 569, 585 (8th Cir. 2006); Drake ex rel. Cotton v. Koss, 445 F.3d 1038, 1043 (8th Cir. 2006). Because Missouri has not waived its sovereign immunity from suit for common law tort claims in its own state courts, I conclude that its immunity remains in federal court, even

though it removed the case.

Further, I agree with the reasoning of the Fourth Circuit in <u>Stewart</u>, 393 F.3d at 489-90.  A state has the same right as any other defendant to remove an action to federal court where issues of federal law exist.  Johnson's § 1983 claim allows Missouri to remove this action for resolution of all related matters, including Missouri's immunity from state law claims.  <u>Id.</u> at 490.  Therefore, Missouri's action in removing this action did not waive whatever immunity Missouri possessed under state law.

Johnson argues Missouri has waived sovereign immunity by the creation of the State Legal Expense Fund in Mo. Rev. Stat. § 105.711, citing <u>Smith v. State</u>, 152 S.W.3d 275 (Mo. 2005).  This argument is unpersuasive; after the Missouri Supreme Court's decision in <u>Smith</u>, the Missouri legislature amended the Legal Expense Fund statute to explicitly state that "Sections 105.711 to 105.726 do not waive sovereign immunity for the State of Missouri."  Therefore, Missouri has not waived its sovereign immunity for tort claims such as those brought by Johnson, and as a result, Missouri is entitled to summary judgment on Johnson's state law claims.

## **Motion Regarding Untimely Service**

Plaintiff has filed a motion fo extension of time to obtain service on certain

defendants. He filed this motion after I entered an order to show cause, but plaintiff had actually achieved service of the remaining defendants on May 2, 2007, two weeks before my order went out. The 120 days for service allowed under Rule 4(m), Fed. R. Civ. P., expired long ago. I will grant plaintiff's request, because I believe the failure to achieve service within the time limit was the result of excusable neglect.

Plaintiff's counsel set out in great detail the reasons they believed the Board of Police Commissioners and its members had been served with process. Plaintiff believed that the lawyer for the other defendants was also representing these unserved defendants, and plaintiff's belief, while incorrect, was the product of excusable neglect. A careful reading of the file would have shown that defense counsel had not entered an appearance for the unserved defendants. A quick review, however, would have implied the opposite, because the Clerk's office incorrectly docketed the notice of removal as being filed by all defendants, and the docket sheet also incorrectly listed the same defense lawyers as representing all of the defendants. Until I reviewed the summary judgment motions, I was laboring under the same incorrect belief.

The Board of Police Commissioner defendants will not be prejudiced by allowing the late service. Their interests in the merits of the case are the same as

those of the individual police officers who have been represented all along, and counsel for those defendants had the same incentive to prepare the case as he would have had he, in fact, been representing the remaining defendants.

However, if the newly served defendants wish to reopen discovery or have more time to prepare for trial, they would be entitled to do so. Trial is now set for August 20, 2007, and these defendants are not required to even respond to the complaint until July 2, 2007. I will therefore set a telephone conference to discuss whether the newly added parties wish to have additional time for any pretrial matters.

Accordingly,

**IT IS HEREBY ORDERED** that the summary judgment motion of defendants Bergh, Boney, Cousins, Smart, and the State of Missouri [#41] is granted only as to the State of Missouri. Missouri is entitled to judgment on all claims brought against it, but all claims remain against the individual police officer defendants.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to obtain service [#63] is granted.

**IT IS FURTHER ORDERED** that the Court will hold a telephone conference with all counsel on **Monday, June 11, 2007 at 1:00 p.m.** The Court

will initiate the call. Counsel are required to meet and confer in advance of the conference call and to attempt to reach agreement on any changes that might be needed to the Case Management Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2007.