UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV605 CDP |
| | ) | |
| BOARD OF POLICE | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jerome Johnson's amended complaint alleges claims under 42 U.S.C. §§ 1981, 1983, and 1988 as well as a state law claims of assault and battery arising out of an incident that took place on April 3, 2001. Johnson has sued several police officers, defendants Bergh, Boney, Cousins, and Smart, as well as the individual members of the St. Louis Board of Police Commissions, defendants Hunter, Freeman Morrow, Goodson, Slay, and Quinn. The Board defendants have moved to dismiss Johnson's claims, or in the alternative for summary judgment. They argue that his state law claims are barred by the statute of limitations or that they are protected by sovereign immunity. Additionally, they argue that Johnson has not stated a § 1983 claim against them because their liability would be based on the theory of respondeat superior liability only. Defendants Bergh, Boney,

Cousins, and Smart have joined in the Board defendants' motion to the extent that the motion argues that Johnson's state law claims are barred by the statute of limitations.

The parties now agree that because Johnson was sixteen years old at the time of the alleged incident, the statute of limitations does not bar his claims. Further, Johnson has stipulated that the Board defendants are entitled to dismissal with regard to any § 1983 claim he has made against them.[1]  As a result, I do not need to reach the defendants' first two arguments.  Therefore, the only question that remains is whether the Board defendants are entitled to sovereign immunity on Johnson's state law claims.

Johnson's complaint alleges claims against the individual members of the St. Louis Board of Police Commissioners in their official capacities.  He sued the individual members of the Board, not seeking to hold them liable in their individual capacities, but rather to properly bring the Board, as an entity, before the court.  See Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo. Ct. App. 1983).  The complaint specifically states that the Board members are being sued in their

---

[1] The Eighth Circuit continues to follow the rule enunciated in Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989) that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed in § 1981."  See Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1181 (8th Cir. 1998).  Additionally, Johnson's claims under 42 U.S.C. § 1988 must fail if he cannot prevail on his § 1983 claim.

official capacities. Because the complaint lacks any reference to the Board members being sued in their individual capacities, it is presumed that Johnson only intended to sue them in their official capacities. Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir 1998).

Johnson argues that the individual members of the Board are not entitled to sovereign immunity, but can only rely on official immunity, pointing to a federal court decision holding that the members of the St. Louis Board of Police Commissioners are not entitled to sovereign immunity when individually sued in their individual and official capacities. Lawrence v. Board of Police Commissioners, 604 F. Supp. 1229, 1233 (E.D. Mo. 1985). While I agree with that opinion to the extent that sovereign immunity would not protect the individual Board members if they were sued in their individual capacities, Missouri law is clear that Board members who are sued in their official capacities are entitled to sovereign immunity. See Fantasma v. Kansas City, Mo., Board of Police Commissioners, 913 S.W.2d 388, 391 (Mo. Ct. App. 1996); see also R.C. v. Southwestern Bell Tele. Co., 759 S.W.2d 617, 620 (Mo. Ct. App. 1988) ("To the extent that the members of the Board of Police Commissioners were sued in their official capacities as the Board, the doctrine of sovereign immunity applies equally."). As a result, Johnson's state law claims against defendants Slay,

Hunter, Quinn, Freeman Morrow, and Goodson must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss, or alternatively for summary judgment, [#83] is granted as to Johnson's claims against defendants Slay, Hunter, Quinn, Freeman Morrow, and Goodson, but is denied as to defendants Bergh, Boney, Cousins, and Smart. Johnson's state law and § 1983 claims against these defendants remain set for trial on **January 22, 2008**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2007.