UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV605 CDP |
| | ) | |
| BOARD OF POLICE | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jerome Johnson has moved for leave to supplement the report of his expert, Michael Worley. Because Johnson has failed to establish that his failure to timely disclose the information was substantially justified or harmless, I will deny this motion, and at trial Worley's opinions will be limited to those stated in his original report and at his deposition.

Discussion

Under Fed. R. Civ. P. 26(a)(2)(C), the parties are required to disclose all expert testimony "at the times and in the sequence that the court orders." If there is no court order, then the deadline is "90 days before the date set for trial" as stated by Johnson. I set the expert disclosure deadlines and a discovery cutoff date in a case management order, and I have modified that order as necessary as a result

of issues that arose in this case.

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 760 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). In determining whether I should extend the deadlines in this case, I should consider whether Johnson has shown good cause for his delay and the extent to which defendants have been prejudiced by this delay. Id. at 759. "To establish good cause, a party must show its diligence in attempting to meet the progression order." Id.

In this case, Johnson has failed to meet many deadlines. In August 2006, I specifically warned Johnson that, in failing to comply with the case management deadlines, he was "at risk of the Court's striking his experts . . ." On November 28, 2006, I extended the expert deadlines and again warned Johnson, stating, "Plaintiff must meet this deadline or sanctions will be imposed." Later, when defendants pointed out that plaintiff had never served a number of defendants, I continued the trial date (at that time trial was set for August of 2007), and again extended the case management deadlines. According to my last order extending discovery deadlines, all discovery in this case was to end on August 13, 2007, and this case was set for trial on January 22, 2008. As the trial date approached,

Johnson again missed a court ordered deadline when he failed to timely file a trial brief and was again warned of the potential for sanctions.

As a result of the death of Johnson's newly added trial counsel in the days before the scheduled January trial, I continued the case and gave counsel a month to tell me when the case could be reset. At plaintiff's request I then continued the matter for two more months and ultimately held a conference in April. At that conference we decided the trial would begin on August 18, 2008. My order resetting the trial date did not reopen discovery or extend any discovery deadlines. As a result, Johnson's motion to supplement his expert's testimony comes almost ten months after discovery closed in this case.

When a party does not comply with a case management order, I have wide discretion "to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 2008 WL 2310968, at *3 (8th Cir. June 6, 2008). I may exclude the untimely information or testimony "unless the party's failure to comply is substantially justified or harmless." Id. In fashioning a remedy, I should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id. I

recognize that "the exclusion of evidence is a harsh penalty and should be used sparingly." Id. at *4 (quoting ELCA Enters. v. Sisco Equip. Rental & Sales, 53 F.3d 186, 190 (8th Cir. 1995)). Still, I believe that a just result requires the exclusion of any testimony by Worley that was not disclosed in his original report or deposition testimony.

First, most of the "additional documentation" relied on by Worley in creating his supplemental report was available and in plaintiff's possession on February 16, 2007 and the last thing, a deposition, was received by plaintiff's counsel by August 30, 2007. Still, Johnson did not submit this information to Worley until April 24, 2008. If Johnson believed that Worley's opinion might have been influenced by these documents or that he would need additional time to review these documents, Johnson should have sought an extension in August or September of last year, not now, many months later. When Johnson sent the "additional documentation" to Worley in April 2008, he could have sought an extension of the discovery deadlines at that time, but he did not. Further, when Johnson received the supplemental report on May 5, 2008, he could have sought an extension of the discovery deadlines, but again, he did not. It is difficult to comprehend how Johnson's behavior could be regarded as "diligent."

Next, defendants would be prejudiced if I allowed Johnson to rely on

Worley's supplemental testimony at trial. Defendants were prepared to take this case to trial in January and they have indicated that they had already formed a trial strategy based on the evidence that existed at that time. Worley's supplemental report is substantially different from his prior testimony. Defendants relied upon Worley's prior testimony in filing their motions for summary judgment and in formulating their trial strategy. In the interests I justice, I would have to reopen discovery and allow defendants to retake Worley's deposition based upon the supplemental report, and then allow defendant additional time to obtain more expert testimony. This would undoubtedly delay the trial yet again, and further delay of this matter is not in the interests of justice.

Finally, although the case was delayed by the untimely death of counsel Bradley Herrin, that death had nothing to do with the additional delay that would be caused if I allowed the expert to change his testimony. Throughout most of the case, attorney Worsham Caldwell was the only counsel of record. It was not until January 7, 2008, two weeks before the trial and less than a week before his death, that Mr. Herrin entered his appearance. Although I, of course, continued the trial because Mr. Herrin had been expected to be trial counsel, I did not thereby reopen the many deadlines that had already passed. Plaintiffs have had a seven-month continuance to deal with the death of counsel who had only entered his appearance

seven days before his death, and further delay would prejudice defendants and is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time and for leave to produce plaintiff's Rule 26(a)(3) supplement to Michael Worley's expert report [#131] is denied.

**IT IS FURTHER ORDERED** that defendants' motion to exclude Worley's "Supplemental Consultant Report" and supplemental testimony and opinions [#132] is granted. Worley's testimony at trial will be limited to those opinions stated in his prior expert report and deposition.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2008.