UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV605 CDP |
| | ) |
| ADRIENNE BERGH, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

After the initial trial of this case alleging police brutality resulted in a hung jury, a second trial resulted in a verdict for defendants. Judgment was entered accordingly, and provided that plaintiff would bear the taxable costs of the action. Defendants have now filed a bill of costs, seeking taxation of costs totaling $26,632.36. Plaintiff has objected that certain items claimed are not properly taxable. I agree with most of plaintiff's objections, and will reduce the bill of costs. I will direct the Clerk to tax costs in the total amount of $8277.90.

Under Rule 54(d), Fed. R. Civ. P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic

>   transcript necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

This is not a fee-shifting statute, and many expenses that might be reasonably incurred by counsel as part of their representation are nevertheless not considered taxable costs, and cannot be recovered. Defendants' bill of costs includes many such items.

Mediation costs are not taxable, so I will disallow defendants' claim for $1,308.50 in costs of mediation. *See Brisco-Wade v. Carnahan*, 297 F.3d 781 (8th Cir. 2002).

Witness fees are allowed at the statutory rate of $40 per day plus mileage. 28 U.S.C. § 1821. Defendants appropriately claim $422.44 for witnesses who actually testified at one or both trials (witnesses Gilmore, Oman, Ross, Glickert, Keen, and Ross Gibbs), but they have also included $231.17 for people who did not testify at either trial (Conway, Lauer, Rice, Winkler, and Davis). Witness fees

paid to people who were not called to testify are not taxable.  Additionally, defendants seek taxation of the $10,575.00 paid to an expert witness, Professor David Klinger.  This witness also did not testify at trial, but even if he had, this amount would not have been taxable.  Expert witness charges are not taxable; instead, experts are treated like any other witness, and a prevailing party may recover as taxable costs only the statutory $40 per day plus milage allowed for any witness.  I will therefore disallow all the expert witness fees, and the $231.17 claimed for witnesses who did not testify, but will allow the $422.44 for the witnesses who did testify.

Defendants claim $10,608.51 as court reporting costs, which includes costs of depositions and costs for daily copy of the transcript of the first trial.  They also claim videography costs of $2,021.65, which includes video services related to depositions as well as a the costs of producing a video of the scene.  The statute allows fees of a court reporter for all or any part of a stenographic transcript necessarily obtained for use in the case.  Not all of these expenses qualify as taxable costs under the statute.

First, defendants ordered daily copy of the transcript of the first trial, at a total expense of $4387.20.  This was not necessary for the trial, but was instead a convenience for counsel.  Because the first trial resulted in a hung jury, I agree

that a transcript of the first trial was "necessarily obtained" for the second trial, because it is important for counsel to be able to impeach witnesses with prior testimony if their testimony at the second trial differs. But daily transcripts cost $6.05 per page, while a regular transcript costs only $3.65 per page. I will tax what the transcript of the first trial would have cost at the regular rate, because I believe it would have been "necessarily" obtained for the second trial, but I will not allow the costs of daily copy. The proper taxable costs for this transcript are therefore $2642.60. The charge of $18.26 for a copy of the transcript of plaintiff Johnson's criminal proceedings is also proper, as that was "necessarily obtained" for impeachment.

Second, defendants attempt to tax as "court reporting costs" a charge of $1950 from Cal Psych FMT. This appears to be Dr. Glaser's expert witness fee for sitting for his deposition, and, as with the other expert fees discussed above, is not taxable. I will, however, allow the charges for the court reporter and videographer for Dr. Glaser's deposition, as this was actually played at trial, although in plaintiff's case. In total I will tax $1516.50 for the court reporter fees and video fees for this deposition.[1]

---

[1] There are two separate court reporter charges for this one deposition – one in the amount of $193.60 and one in the amount of $936.25 – and there is no explanation for this in the bill of costs. I will, however, assume that it was necessary for some reason, and will allow both, as the

Third, the other videography fees included in the bill of costs are not properly taxable. The statute does not allow taxation of costs for editing depositions, which is what $950 of the charges are for.[2] Additionally, the charge of $685 for taking videos of the scene of the shooting is not covered by any provision of the statute and so is not taxable.

In sum, I will tax as costs the amounts of $4639.70 for deposition costs, and $2660.86 for court transcript costs.

Defendants initially claimed as taxable costs copying charges of $1115.09. In their reply brief they withdrew all but $204.90, which represents amounts they paid third parties to obtain copies of plaintiff's medical records. This is a proper element of taxable costs, so I will allow it.

To summarize, I will order taxed the following costs, as allowed by the listed subsection of 28 U.S.C. § 1920:

| | | |
|---|---|---|
| (1) | Fees of the clerk: | $350.00 |
| (2) | Fees of the court reporter: | $7300.56 |
| (3) | Fees and disbursements for witnesses: | $422.44 |

---

total is reasonable for this deposition.

[2]Additionally, defendants appear to have included the sum of $150 twice in this charge, as the $150 payment appears to be included in the $625 invoice. Because it is not taxable anyway, this has no affect on my ruling.

(4)   Fees for copies of papers:              $204.90

The total costs taxed are thus $8277.90.  All other amounts included in defendants' bill of costs are denied.  Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for a bill of costs [#223] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $8277.90.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2009.